DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

FEDERAL NATIONAL MORTGAGE )
ASSOCIATION, )
 )
        **Plaintiff,** )
 )
        v. ) Civil Action No. 2014-0094
 )
**BERNICE P. CLARKE,** )
 )
        **Defendant.** )
_____)

**Attorneys:**
**Johanna Harrington, Esq.,**
St. Thomas, U.S.V.I.
**Ryan C. Meade, Esq.,**
Miami, FL
    *For Plaintiff*

## **MEMORANDUM OPINION**

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the "Motion for Default Judgment" filed by Plaintiff, Federal National Mortgage Association ("FNMA" or "Plaintiff") on September 25, 2015 against Defendant Bernice P. Clarke ("Clarke"). (Dkt. No. 28). For the reasons discussed below, the Court will grant Plaintiff's Motion for Default Judgment.

### **I. BACKGROUND**

In November 2014, FNMA filed a Complaint against John B. Clarke, Bernice P. Clarke, Unknown Tenant in Possession 1, and Unknown Tenant in Possession 2. (Dkt. No. 1). It was subsequently determined that John B. Clarke had died, and that there were no tenants residing in the property at issue. FNMA's attempts to serve Bernice Clarke were unsuccessful. The Court granted FNMA leave to serve Clarke by publication. (Dkt. No. 17). After such service was effected

(Dkt. Nos. 20, 22), FNMA filed an Application for Entry of Default against Clarke in June 2015. (Dkt. No. 23). The Clerk of Court entered default against her on July 2, 2015. (Dkt. No. 24).

On July 9, 2015, FNMA filed a Motion to Amend its Complaint, explaining that it was necessary to remove John B. Clarke, deceased, as a party, and to reflect the fact that Bernice P. Clarke became the sole owner of the property upon his death. (Dkt. No. 25). The Court granted the motion, and the Amended Complaint was filed on August 19, 2015. (Dkt. No. 27).

In the Amended Complaint, FNMA asserted that Bernice P. Clarke was the owner of record to real property ("the Property"), *id.* ¶ 10, described in the Warranty Deed as:

> Plot No. 238 (comprising 0.75 U.S. acres, more or less), Estate Work and Rest, Queen Quarter, St. Croix, U.S. Virgin Islands, as more particularly shown on OLG Drawing No. 1092, dated July 24, 1961, revised November 10, 1976.

(Dkt. No. 27-4). The Amended Complaint alleges that, on December 27, 2005, John B. Clarke and Bernice P. Clarke, husband and wife, jointly and severally executed and delivered a Promissory Note in the amount of $352,000.00, and a Mortgage securing payment of said Note to the "Payee named thereon."[1] The Note and Mortgage were subsequently assigned to FNMA, which holds the Note and Mortgage and is entitled to enforce both documents as the holder of these instruments. *Id.* ¶¶ 6-7; Dkt. No. 27-1.

The Amended Complaint goes on to say that Clarke defaulted under the terms and conditions of the Note and Mortgage by failing to make the payment due on June 1, 2012 and all subsequent payments. *Id.* ¶ 8. FNMA elected to accelerate the loan, and the entire unpaid principal sum with unpaid accrued interest and late charges became immediately due and payable, amounting to $320,302.26. *Id.* ¶ 11. FNMA asks that judgment include all unpaid principal and interest due and payable, plus interest accruing thereafter at the legal rate until judgment is

---

[1] Although not indicated in the Amended Complaint, the Payee on the Note was Flagstar Bank, FSB. (Dkt. No. 28-3).

satisfied; foreclosure of the Property and an order that it be sold in satisfaction of Clarke's indebtedness; a deficiency judgment for any amount that may remain due on the judgment; and costs and fees incurred in collecting the debt. *Id*. at pp. 3-4.

On September 25, 2015, FNMA filed the instant Motion for Default Judgment (Dkt. No. 28), which contains, *inter alia,* a Memorandum of Law, an Affidavit of Indebtedness (Dkt. No. 28-8), and a Declaration of Counsel. (Dkt. No. 28-9). In its Memorandum, FNMA states that the attached supporting documents show that Clarke and her husband John B. Clarke took title to the Property as tenants by the entirety and, upon his death, she became sole owner by operation of law; that the Clarkes executed the Note in which they promised to pay the lender $352,000.00, with interest at the rate of 6.250% per annum in monthly installments of $2,167.32; and that repayment of the loan was secured by the Mortgage on the Property. (Dkt. No. 28). The Memorandum further provides that the Note was endorsed to "blank," the holder is FNMA, and therefore FNMA is entitled to enforce the Note as the holder of the instrument, pursuant to 11A V.I.C. § 3-301. The Memorandum states that the Mortgage was ultimately assigned to FNMA. *Id.*[2]

The Memorandum describes the Mortgage as a first priority lien and asserts that there are no other liens of record against the Property. It details that Clarke failed to make the payment due on June 1, 2012 and all payments thereafter, and thus defaulted under the terms of the Note and Mortgage. The Memorandum cites the Affidavit of Indebtedness, which shows that $411,869.48 is due and owing on the Property as of August 17, 2015. FNMA asserts that, after Clarke could not be located in the Virgin Islands or at her last known New York address, she was served by publication and did not appear, after which the Clerk of Court entered default against her. *Id.* In

---

[2] The Mortgage was first assigned by MERS, Inc., as nominee for Flagstar Bank, FSB, to Citimortgage, Inc., which in turn assigned the Mortgage to FNMA. (Assignments of Mortgage: Dkt. Nos. 28-5, 28-6).

sum, FNMA argues that default judgment against Clarke is appropriate because it has shown that Clarke executed the Note and Mortgage; Clarke is in default under the terms of those instruments for failure to make payments after June 1, 2012; and FNMA is entitled to foreclose on the Property because it is the holder of the instruments. *Id.* Finally, FNMA asserts that it has demonstrated its entitlement to default judgment under the factors set forth in *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000). *Id.* at 8.

In the Declaration of FNMA's Counsel, Johanna Harrington describes in detail the efforts made to serve Clarke. She declares that: personal service was attempted at the Property but the process server discovered it was vacant, and neighbors indicated that Mr. Clarke had passed away and Bernice Clarke resided in New York; personal service was attempted in New York without success, after which the Court granted leave to serve Clarke by publication; service of publication was completed in two newspapers and Clarke failed to respond; and default was entered by the Court of Court for failure to answer, plead or otherwise defend the matter. (Dkt. No. 28-9). Counsel also avers that, as reflected in the Status Report from the Department of Defense Manpower Data Center, Clarke is not an active duty member of the U.S. Armed Forces. *Id.*; Dkt. No. 23-1. Further, counsel asserts that, based on Clarke's birth date, she is an adult, and based on Clarke's communications with Plaintiff's attorney-in-fact, Seterus, Inc., she is competent because she attempted to resolve this litigation by deed in lieu of foreclosure. (Dkt. No. 28-9).

In support of its Motion, Plaintiff filed an Affidavit of Indebtedness, signed by Sonja Larson, a Foreclosure Specialist of Seterus, Inc., FNMA's duly appointed servicer and attorney-in-fact for the loan. (Dkt. No. 28-8). Ms. Larson explains that she is familiar with the type of records maintained by Seterus in connection with the loan; the information provided in her affidavit is taken from Seterus' business records; and she has personal knowledge of how Seterus creates those records. *Id.*, ¶¶ 1-3. She avers that FNMA owns and holds the Note and Mortgage

4

and is entitled to enforce those instruments. *Id.* ¶ 6. The Affidavit sets forth the amounts due and owing through August 17, 2015: $320,302.26 in unpaid principal balance; interest from June 1, 2012 through August 17, 2015 of $64,270.66; late charges of $1,032.90; insurance and tax payments of $23,256.16; and recoverable balance of $3,007.50 consisting of property preservation fees, title costs, property inspections, and broker's price opinion costs; for a total indebtedness of $411,869.48. *Id.* ¶¶ 10. Ms. Larson asserts that interest accrues at the per diem rate of $54.85 unless there is an interest rate change set forth in the Note. *Id.* She also states that Seterus has retained the law firm of Quintairos, Prieto, Wood & Boyer, P.A. to prosecute the foreclosure action, and that the firm would submit its request for attorney's fees and costs in this matter. *Id.* ¶ 11.

## II. APPLICABLE LEGAL PRINCIPLES

In a motion for default judgment, "'the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant for purposes of a default judgment.'" *Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Catanzaro v. Fischer,* 570 F. App'x 162, 165 (3d Cir. 2014); *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951). In the context of a grant of default judgment pursuant to Federal Rule of Civil Procedure 55, "'[t]he district court must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Star Pacific Corp.,* 574 F. App'x at 231 (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

A motion for default judgment must contain evidence, by affidavits and/or documents, of the following:

5

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemembers] Civil Relief Act.

*Bank of Nova Scotia v. Abdallah,* 2013 WL 5312399, at *5 (D.V.I. Sept. 23, 2013) (quoting *Idewu v. Sealey*, 2012 U.S. Dist. LEXIS 36783, at *6 (D.V.I. Mar. 19, 2012)); *see also* Fed. R. Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May 28, 2009). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *Chamberlain*, 210 F.3d at 164 (citing *United States v. $55,518.05 in U.S. Currency*, 528 F.2d 192, 195 (3d Cir. 1984)).

### III. ANALYSIS

FNMA has satisfied all of the requirements necessary to obtain a default judgment against Clarke. It has shown that Clarke was properly served by publication (Dkt. Nos. 17, 20, 22); she has not appeared; and default was entered against her by the Clerk of Court (Dkt. No. 24). Further, in her Declaration, Plaintiff's attorney, Johanna Harrington, Esq., averred that, based on her date of birth, Clarke is an adult over the age of eighteen, and that "based upon her communications with Plaintiff's attorney-in-fact Seterus, Inc., she is competent because she [was] attempting to resolve this litigation by a Deed in Lieu of Foreclosure." (Dkt. No. 28-9, ¶¶ 9, 10); *see FirstBank Puerto Rico v. Jaymo Properties, LLC*, 379 F. App'x 166, 170 (3d Cir. 2010) (holding that bank attorney's affidavit stating in good faith that defendant was a competent adult is sufficient to find that a non-appearing defendant is not a minor or incompetent person for the purposes of obtaining a default judgment).

In addition, Plaintiff provided a copy of a Status Report from the Department of Defense Manpower Data Center showing that Clarke was not an active member of the military service as defined in the Servicemembers Civil Relief Act, 50 App. U.S.C. §§ 501 *et seq.* (Dkt. No. 23-1). FNMA has also shown with specificity how it calculated the amount of the judgment. (Dkt. No. 28-8 and attachments).

The Court has considered the *Chamberlain* factors and finds that the prejudice to Plaintiff resulting from Clarke's breach of her contractual obligations, and the apparent absence of a litigable defense for Clarke weigh in favor of the Court granting default judgment. Furthermore, Clarke's default is a result of her culpable conduct as evidenced by her failure to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint). Accordingly, default judgment is appropriate.

## IV. CONCLUSION

FNMA has satisfied the requirements necessary for a default judgment against Defendant Bernice P. Clarke. Accordingly, Plaintiff's Motion for Default Judgment (Dkt. No. 28) on the debt and foreclosure causes of action in its Amended Complaint will be granted.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: April 27, 2016 _____/s/_____
WILMA A. LEWIS
Chief Judge